# LENA NICHOLSON, Respondent, v. MACK NICHOLSON, Appellant.

### (207 N. W. 486.)

**Divorce — inability to pay alimony and suit money held not contempt of court for failure to pay.**

A defendant in a divorce action is not guilty of contempt of court in failing to pay alimony and suit money ordered by the court, when it appears from the evidence that he lost all his property and crop for that year by mortgage foreclosure; that he worked during ·the summer and fall raising the crop which was lost; that he could not get work thereafter and had no money, or property from which money might be realized and such statement is not disputed.

Opinion filed January 29, 1926.

Divorce, 19 C. J. § 699 p. 304 n. 47.

Appeal from the District Court of Foster County, *Coffey,* ·J.

Reversed.

*C. B. Craven,* for appellant.

*R. C. Morton,* for respondent.

Material facts must be alleged from personal knowledge and then an affidavit made on information and belief is sufficient. State v. Newton, 16 N. D. 151, 14 Ann. Cas. 1035, and note at p. 1042.

Unless the party absents himself so that service of an order, judgment, or decree cannot be personally made upon him, he cannot be brought into contempt for not complying with an order or decree of court unless personal service has been made on him, or unless he has actual notice of the making of such order or the rendition of such judgment or decree. 13 C. J. 17, § 22, cases cited, notes 61–63.

An assignee cannot be punished for contempt for not obeying the order to make and file his account when the order was served on him by mail. Re Siebert, 30 Misc. 680, 62 N. Y. Supp. 513.

The proper practice before applying for an attachment for contempt is to serve a copy of the order on the alleged contemnor and to file an affidavit of service. Eberle's Estate, 21 Lanc. L. Rev. 407.

Note.—Inability to pay alimony as defense to contempt, see annotation in 30 L.R.A.(N.S.) 1001; L.R.A.1917C, 97; 22 A.L.R. 1260; 31 A.L.R. 650; 1 R. C. L. 962; 1 R. C L. Supp. 293; 4 R. C. L. Supp. 66; 5 R. C. L. Supp. 57; 6 R. C. L. Supp. 51.

A defendant in contempt proceedings is entitled to the presumption of innocence and the burden of proof is upon the complainant.  13 C. J. 11.

The evidence must clearly show that a contempt has been committed and the guilt must be established by clear and satisfactory evidence. 13 C. J. 77, § 112.

BURKE, J.  On the 30th day of July, 1924, upon the affidavit of Lena Nicholson, the judge of the district court in and for the county of Stutsman, in the State of North Dakota, issued an order which was duly served upon the defendant Max Nicholson to show cause why he should not be compelled to contribute to the support of the plaintiff in a divorce action between the defendant Max Nicholson and Lena Nicholson.  And thereafter an order was made on the sixth day of December 1924, finding and decreeing the defendant to be guilty of contempt of court, and judgment having been entered on a sentence of imprisonment in the county jail of Foster county for sixty days at hard labor, in the event that he failed to comply with the directions of the court, to pay to the plaintiff Lena Nicholson the sum of $35 on or before December 10, 1924, and thereafter on the affidavit of Lena Nicholson stating that the defendant had not paid the money as directed, a bench warrant was issued upon which the defendant was arrested and ordered imprisoned in the Foster county jail for a period of sixty days at hard labor, from which judgment the defendant appeals to this court.

The affidavit of Lena Nicholson alleges that since their separation the defendant has never contributed in any manner to the support of his family, although amply able to work and support the same.  That she has no means of support except through the efforts of one son and daughter, and no means to employ counsel.  There is no statement in the affidavit that the defendant has any property.  The judgment is based upon the statement.  "That the defendant has not contributed to the support of the family, although amply able to work and properly support the same."  In her second affidavit, the plaintiff states, that the defendant had paid her $10 as the first payment, and that he has failed to obey the order of the court.  In response to the order to show cause, the defendant Max Nicholson states, "That he had lost all of his

land that the same had been foreclosed on, and the period of redemption was running on the homestead, that the home of said defendant on said homestead has at all times, and is now open to the plaintiff and the minor children, and will be, so long as the defendant has rights therein. All the defendant's personal property had been sold under mortgage foreclosures, except a small amount of crops on the land, which crop is mortgaged for more than its entire value. The defendant has no property, real or personal, nor money, nor means whereby he can obtain money for the payment of alimony for the plaintiff, or attorney fees. That the defendant has no trade or business, that he is 52 years of age, and can only earn such income as he can obtain by manual and physical labor, that he can not in this way make sufficient to support himself and the plaintiff and children, while said parties are living separately and apart. That the defendant has been dependent upon the accommodations of friends for sufficient funds upon which to live, to sow and plant the small amount of crop during the season, and that said friends would not loan him funds to pay alimony or suit money. He further states that he is wholly unable to comply with the order of the court, for the reason that he was unable to secure funds, that his crop was mortgaged for more than its entire value, and he realized nothing therefrom; that he attempted during threshing season to operate a threshing machine, but was unsuccessful and had to abandon the same. That he contracted debts and was heavily involved, that he has neither the money to comply with said order or property from which he might obtain money. That he is unable to procure employment more than sufficient to provide for himself lodging, clothing, and sustenance. That at the time of separation the plaintiff Lena Nicholson removed from the home all furniture, all poultry, four cows, one calf, and in fact took all unincumbered property which the defendant then owned. In these affidavits the defendant stated specifically what has become of his property. All the incumbered property he lost through foreclosure of mortgages and all unincumbered property was taken by his wife Lena Nicholson. If he had property, and it was not mortgaged and lost through foreclosures it would be a very easy matter to disprove his statement. The plaintiff Lena Nicholson does not claim he has property. Her statement is, that he is amply able to work, and properly support the family, and on information and belief that he has certain money and

personal property upon which money might be realized. Defendant states, that he has no profession or trade. He worked on the farm during the summer and fall of 1924. He borrowed money from friends to put a crop in, and the crop was mortgaged and taken on the mortgage. He undertook to run a threshing machine but the expense was more than the income and he had to abandon it. It appears from his statement which is not disputed just what became of his property, and that he did not have the money or property upon which he could raise money to comply with the orders of the court. If he could not comply with the orders of the court there was no contempt, and no grounds for entering the judgment.

The judgment of the district court is reversed, and the defendant ordered discharged.

CHRISTIANSON, Ch. J., and BIRDZELL, JOHNSON, and NUESSLE, JJ., concur.