## THOMPSON et al. v. LIQUOR CONTROL COMMISSION of UTAH et al.

No. 5764.   Decided December 10, 1935.   (52 P. [2d] 463.)

*Shirley P. Jones, H. A. Rich,* and *E. A. Rogers,* all of Salt Lake City, *Arthur Woolley,* of Ogden, and *Knox Patterson,* of Price, for plaintiffs.

*H. D. Moyle, E. M. Bagley,* and *Paul H. Ray,* all of Salt Lake City, for defendants.

PER CURIAM.

The plaintiffs seek a writ of prohibition against the defendants arising out of injunctions issued out of the district court of the Third judicial district of the state of Utah at the instance of the liquor control commission of Utah. The claimed ground is that the court was without jurisdiction and that there is not an adequate remedy at law. These grounds are asserted not because of lack of jurisdiction of

the subject-matter or failure to sufficiently state facts in the complaints filed; but because the injunctive orders issued are too broad in their terms and are indefinite and uncertain in certain matters that it is maintained should be made definite and specific. "It is impossible to lay down a precise rule of universal application as to the degree of certainty required," except that it should be clear and certain in its terms. 32 C. J. 368. Some of the injunctive orders as set out in the petition may be subject to successful attack while not so as to others.

If an injunction is so vague and uncertain in its terms that the parties restrained or enjoined are not able to determine what they are restrained from doing, the injunction may be dissolved. Application therefor should be made to the court issuing the injunction. The court may modify or dissolve the injunction or refuse to do so, depending upon the showing made. No application or motion to quash or modify the injunction or injunctions have been made to the district court. No appearances have been made therein. The jurisdiction and power is in the district court to hear and consider any matters relating to the various causes and defendants. The remedy by application, motion, or other procedure is open to be pursued in the district court.

No showing is made that the relief, if petitioners should be found entitled to any, would not be complete and adequate in the premises. The district court is vested with jurisdiction of the causes in so far as appears. Such being the case, the issuance of the writ should be denied. Such is the order.