## LIQUOR CONTROL COMMISSION v. McGILLIS et al.

No. 5792.   Decided March 15, 1937.   (65 P. [2d] 1136.)

588

*Karl V. King*, of Salt Lake City, for appellants.

*Henry D. Moyle, E. M. Bagley,* and *Frank L. Copening, Jr.,* all of Salt Lake City, for respondent.

HANSON, Justice.

The Liquor Control Commission of Utah filed a complaint against defendants in the lower court in which it was al-

leged that the defendants were conducting an establishment in Salt Lake City in violation of the provisions of the Liquor Control Act, being chapter 43, Laws of Utah 1935, alleging specifically that defendants were mixing, selling, and serving alcoholic beverages to the general public; that under the provisions of the Liquor Control Act the premises so used by defendants were a common nuisance; that defendants intend to persist in such violation of said act unless enjoined by the court. The plaintiff prayed for the issuance forthwith of a temporary writ of injunction and restraining order pending the conclusion of the trial of the action, particularly specifying the acts sought to be enjoined. Plaintiff also prayed that the writ of injunction and restraining order be made permanent upon the trial of said action.

Upon the filing of said complaint the lower court, ex parte, issued an order of injunction in which it was ordered:

"That the defendants, their agents, employees, servants and all other persons be and they are hereby enjoined and restrained from selling, keeping, giving away or using alcoholic beverages as defined in said Liquor Control Act, on the premises of the defendants at 238 East Second South Street in Salt Lake City, and more particularly described as part of Lot 5, Block 55, Plat 'A', Salt Lake City Survey, and that the defendants, their agents, employees, servants and all other persons be and they are hereby restrained from removing or in any way interfering with the alcoholic beverages, packages, fixtures, or other things used in connection with the selling, keeping, storing, giving away or using of alcoholic beverages upon the said premises of the defendants hereinbefore described until the conclusion of the trial of this action."

A writ of injunction commanding defendants to refrain and desist from doing the things enjoined by the order of injunction was issued, using the same language as is contained in said order just quoted.

The complaint was filed August 10, 1935, and the writ of injunction was served upon defendants the same day. Later that same day an affidavit was filed by certain inspectors of the plaintiff commission to the effect that, after the

writ of injunction had been served upon defendants, the defendants still persisted in selling alcoholic beverages at said premises, the affidavit reciting specifically that defendants sold alcoholic beverages to the three affiants and that there were approximately 55 people at the bar and in the dining room to practically all of whom alcoholic beverages were being sold and served. Upon the filing of said affidavit the lower court issued an order for attachment for contempt, ordering the sheriff of Salt Lake county to attach defendants. A writ of attachment was thereupon issued commanding the sheriff to arrest defendants and have them present in court at a time fixed in the writ to answer to the charge of contempt in having failed to obey the order of injunction theretofore served upon them. This writ of attachment was issued and served upon defendants on August 10, 1935.

At the time appointed a hearing was had before the court at which defendants and their counsel were present and evidence was adduced on behalf of both plaintiff and defendants. The defendants were found guilty of contempt, and thereafter the court made and entered findings of fact, conclusions of law, and a judgment adjudging defendants guilty of contempt and imposing a fine of $100 and imprisonment in the county jail for 30 days upon each of the defendants.

Defendants have appealed from the judgment of contempt. So far as the record before us shows, no final determination of the issues raised by plaintiff's complaint has ever been made. There is no bill of exceptions before us, as the lower court refused to settle and file such bill because the same was not presented in time. Defendants urge no error was predicated upon such action. The defendants rely upon four assignments of error: (1) That chapter 43 of the Laws of Utah 1935 is unconstitutional for the reason that it violates sections 1, 7, 9, 11, 12, 14, 22, 24, and 27 of article 1; section 1 of article 5; sections 16 and 23 of article 6; section 20 of article 7; and section 1 of article 12, of the Constitution of Utah, and the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States. (2) That the in-

junction was based upon an illegal complaint and was illegally issued and the injunction issued was contrary to law. (3) That the writ of injunction was ambiguous, unintelligible, and uncertain and contradictory as not to properly apprise defendants of their rights and restrictions under which they were placed. (4) That the court erred in failing to grant defendants' motion in arrest of judgment. We will consider these assignments in their order.

While, by their first assignment of error, defendants questioned the constitutionality of the Liquor Control Act as being violative of several sections in different articles of our State Constitution, and also of certain amendments to the United States Constitution, they confine themselves in their brief to arguing that the subject matter contained in sections 12, 16, 25, and 26 of the Liquor Control Act is not expressed in the title to such chapter 43, and therefore the whole act is unconstitutional by virtue of section 23, art. 6, of our State Constitution. Section 23 provides that:

"Except general appropriation bills, and bills for the codification and general revision of laws, no bill shall be passed containing more than one subject, which shall be clearly expressed in its title."

We shall limit ourselves, therefore, to a consideration of the question as it is presented by defendants in their brief.

Section 12 of the Liquor Control Act provides that all property and moneys acquired and all profits earned in the administration of the act shall be the property of the state and all expenses and debts incurred by the commission shall be paid from moneys received by the commission. Sections 16 and 17 authorize the commission to borrow from the State Land Board and the State Industrial Commission for purposes necessary in the administration of the act. Section 25 provides for the creation of a reserve fund and surplus from the profits received under the act to provide a working capital, the amount to be determined by the commission and the Governor. Section 26 provides that the earnings above

the reserve and surplus shall be paid to the state treasurer at such times and in such manner as the Governor may direct and appropriates for various purposes such moneys as may be paid in.

In the case of *Riggins* v. *District Court of Salt Lake County*, 89 Utah 183, 51 P. (2d) 645, 650, it was contended that the subject matter of sections 16, 17, 25, and 26 was not expressed in the title of the Liquor Control Act and that such sections were void, and that because of their invalidity, the entire act was bad. We there held that, even granting these particular sections did not meet the requirements of section 23, art. 6, of our State Constitution, yet this would not cause the whole act to fail, since "with such sections eliminated, the act would be complete and capable of being enforced." It was there held that the provision contained in the act that the invalidity of any part of the act should not affect the validity of the remaining part made the several parts of the act divisible so that the entire act would not fail because some part thereof was invalid where without such part the act still remained complete and capable of being enforced. What we there said applies with like effect to section 12. It would serve no useful purpose to again discuss the legal principles there so fully discussed and applied. It is apparent that the decision in the Riggins Case must control the disposition of the question now being discussed. We are satisfied with that holding, and therefore hold that defendants' first assignment of error is without merit.

While defendants have stated broadly that the complaint on which the writ of injunction was issued was illegal, they do not point out wherein it was illegal. The complaint charges that the defendants are the lessees in possession of the premises described; that they have fitted a portion of said premises with a bar and a dining room, equipped to keep, store, mix, and serve alcoholic beverages; that the bar is attended by bar tenders and is kept open to the public twenty-four hours a day every day in the week; that persons are served with alcoholic beverages until

they become intoxicated; that such beverages are sold to minors; that since June 1, 1935, defendants have sold, kept, stored, and given away alcoholic beverages upon said premises in violation of said Liquor Control Act; that defendants have men outside of the building who sell such beverages; that such beverages are sold and served in the dining room; that alcoholic beverages were sold to certain individuals on certain specified dates; that the premises so maintained and used by defendants are a common nuisance; that defendants will continue to so maintain and use said premises unless enjoined.

Section 195 of the act provides that any place

"where alcoholic beverages are manufactured, sold, kept, bartered, stored or given away, or used in violation of this act, or where persons resort for the drinking of alcoholic beverages contrary to the provisions of this act * * * are hereby declared to be common nuisances."

It was held in the Riggins Case, supra, that it was competent for the Legislature to so provide. It is clear that the allegations of the complaint allege a condition which brings it within the purview of section 195, and charges the maintenance of a nuisance. Section 196 provides that:

"Whenever a nuisance as defined in this act is kept, maintained or exists, or if it is made to appear by affidavits or otherwise, to the satisfaction of the court, that such nuisance exists, a temporary writ of injunction shall forthwith issue, restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the trial."

The section further provides what acts a temporary injunction may restrain and additional procedure not here involved. In the Riggins Case, supra, this court said:

"A proper construction of section 196 authorizes the court upon a showing made by affidavit or otherwise to its satisfaction that there is probable cause to believe that a nuisance is being maintained as defined in the act, to issue a temporary injunction restraining the defendant from conducting or permitting the continuance of the nui-

sance and from interfering with the alcoholic beverages, packages, etc., until the conclusion of the trial."

It is apparent under the provisions of sections 195 and 196 the court had jurisdiction to issue its temporary writ of injunction upon the plaintiff's complaint, showing, as it did, the probable existence of a nuisance as defined by the act.

The temporary writ of injunction was duly served upon defendants. After such service, it was made to appear to the court by the affidavit of the commission's inspectors, heretofore referred to, that alcoholic beverages were being sold by defendants in violation of the writ. The court thereupon issued a writ of attachment against the defendants, and they were brought into court to meet the charge of contempt for violating said writ of injunction. While evidence was taken upon the contempt charge, such evidence is not before us, there being no bill of exceptions. The court made findings of fact by which it found that the writ of injunction, issued as above stated, was served upon defendants on August 10, 1935; that after such service on the same day defendants

"continued to operate and cause said premises to be operated as they had theretofore and prior to the service of said writ of injunction been operated, to-wit: by having two men behind the bar on said premises serving alcoholic beverages, to-wit: beer, and continued to operate and to sell alcoholic beverages, to-wit: beer, until sometime between six and seven o'clock P. M. on said 10th day of August, 1935, contrary to and in violation of said writ of injunction so served upon said parties, as aforesaid."

In the absence of a bill of exceptions it must be assumed that the evidence adduced supported these findings. The lower court concluded therefrom that defendants were guilty of contempt.

It thus appears that the court had issued a writ of injunction upon a proper complaint; that said writ had been properly served upon defendants; that defendants had disobeyed said writ and had committed acts therein forbidden. The

acts of defendants in defiance of the writ of injunction were committed outside the presence of the court. By the affidavit, above referred to, the court was apprised of such acts, and it thereupon issued its citation to defendants to answer to the contempt involved in their disobedience to the writ. In *Young* v. *Cannon,* 2 Utah 560, the court held that, where the contempt was not committed in the presence of the court, an affidavit should be presented showing the facts in such clear and unmistakable language that the court will know in what particular its order has been disobeyed in order to give the court jurisdiction to proceed in contempt. Such procedure was followed and sanctioned in the case of *Utah Power & Light Co.* v. *Richmond Irr. Co.,* 80 Utah 105, 13 P. (2d) 320, 324. In that case there was a violation of an existing final decree, and by affidavit it was made to appear to the court that such decree had been disobeyed. We fail to perceive any distinction between disobedience of a final decree and a temporary writ of injunction issued by the court in so far as the manner of proceeding to have the matter of such disobedience heard and a judgment entered thereon is concerned. In our opinion the affidavit here involved was sufficient to invoke the jurisdiction of the court to proceed in contempt.

It is urged, however, by defendants that the writ of injunction went beyond the jurisdiction of the court in that it restrained defendants from using alcoholic beverages upon the premises described, and that the writ for that reason was so far bad as to furnish no basis upon which a charge of contempt could be founded. This same contention was made in the Riggins Case, supra, and we there held that the court could not enjoin the lawful use of alcoholic beverages on defendants' premises and to that extent the writ of injunction exceeded the jurisdiction of the court. We did not, however, vacate the writs of injunction alleged to have been served in the proceedings there reviewed, but simply ordered the same amended so as to exclude the part indicated as being in excess of the court's jur-

isdiction. The legal effect of such action would be to recognize the validity of the writs except as to the part excluded.

The writ of injunction here before us likewise attempted to enjoin the lawful use of alcoholic beverages upon defendants' premises. But it does not follow that the writ, for that reason, is wholly bad or fails to support the judgment of contempt. The writ enjoined the selling of alcoholic beverages on said premises, and this it lawfully could do. Defendants are charged, not with having violated the injunction so far as lawful use of such beverages on said premises is concerned, but with selling such beverages thereon in disregard of said writ, an act which is made unlawful by the statute, and it was for that act that they were adjudged guilty of contempt.

"The fact that the order is in part void does not justify violation of the valid parts thereof." 13 C. J. 14.

In 13 C. J. 15 it is said:

"Since an order, judgment or decree of a court having jurisdiction of the parties and the subject matter cannot be collaterally attacked, but must be modified or vacated if erroneous, by application to the court therefor, disobedience of an order made by a court within its jurisdiction and power is a contempt, although the order may be clearly erroneous."

We held to the same effect in *Utah Power & Light Co.* v. *Richmond Irr. Co.*, supra, and approved the following language from 6 R. C. L. 505:

"A party may question the order which he is charged with refusing to obey, only insofar as he can show it to be absolutely void; he cannot be heard to say that it is merely erroneous, however flagrant it may appear to be since judgments of courts cannot be attacked collaterally for mere irregularities."

The same text continues as follows:

"Hence the mere fact that an injunction was not justified by the facts of the particular case or was erroneous or improvident in any way is no defense, as the party has his remedy by appeal, and until

vacated it binds him; and it is enough that the case belongs to a particular class of cases to which jurisdiction attaches."

The following additional authorities cited by respondent also sustain the views here expressed: *Howat* v. *Kansas*, 258 U. S. 181, 42 S. Ct. 277, 66 L. Ed. 550; *Allen* v. *United States* (C. C. A.) 278 F. 429; *O'Hearne* v. *United States*, 62 App. D. C. 285, 66 F. (2d) 933.

Under section 3 of the Liquor Control Act,

"'Alcoholic Beverage' means and includes 'beer' and 'liquor' as they are defined herein. * * * 'Beer' means any beverage containing not less than ½ of one per centum of alcohol by weight," etc.

"Light Beer" and "Heavy Beer" are defined according to their alcoholic content. The term "liquor" is also defined with considerable detail. It is evident, therefor, that the writ forbidding the sale of alcoholic beverages, as defined by the Liquor Control Act, enjoined the sale of beer and the selling of beer was a violation of the writ. It seems to us that the writ, in view of the specific definitions contained in the act, was sufficiently clear to apprise defendants that they were not to sell beer. If they had any doubts as to their rights and restrictions under the writ, they should have applied to the court issuing the writ to modify, amend, or dissolve the same. Such matters cannot be urged here on appeal from the judgment of contempt. *Thompson* v. *Liquor Control Commission*, 87 Utah 578, 52 P. (2d) 463, and the authorities there cited. It follows that defendants' second and third assignments of error are not well taken.

What has been said disposes of defendants' fourth assignment of error. Since the pleadings and the findings of the trial court sustain the judgment of contempt, the denying of defendants' motion in arrest of judgment was right.

There being no error shown, the judgment of the lower court is affirmed, with costs to the respondent.

FOLLAND, C. J., and MOFFAT and LARSON, JJ., concur.

WOLFE, J., being disqualified, did not participate herein.