[File No. 7122A]

LYDIA A. HODOUS, Respondent, v. FRANK HODOUS, Appellant.

(36 NW2d 554, 12 ALR2d 1051)

Opinion filed March 22, 1949.

*J. A. Hyland & C. L. Foster,* for appellant.

*Traynor & Traynor,* for respondent.

MORRIS, J.  This is an appeal from a judgment finding the defendant guilty of contempt of court for failure to make certain payments provided in an order of the District Court of Eddy County entered on May 5, 1948.  This proceeding arises out of a divorce action .brought by the wife of the defendant wherein the summons and complaint were served in August 1947. In September 1947 an order was issued by the court requiring the defendant to show cause why he should not be required to pay temporary alimony, suit money, and attorneys fees.  The

sheriffs of Burleigh County and Eddy County were unable to locate the defendant and no service was made upon him of that order and it was abandoned. An answer to plaintiff's complaint, dated September 6, 1947 and signed by the defendant personally, was served on the plaintiff's attorney by mail. No attorney's name appears on the answer and the defendant's post office address is given as Box 1073, Bismarck, North Dakota. The case was tried March 9, 1948. The defendant appeared at the trial in person and by attorney. The defendant testified in his own behalf and further participated by examining and cross examining witnesses. The defendant's answers to questions concerning his income and property were evasive and unsatisfactory. Near the close of the trial the court asked defendant to submit a financial statement and copies of his 1946 and 1947 income tax returns, which the defendant agreed to do. When the defendant's counsel suggested that the defendant might have to go to Billings, Montana to get necessary information, he stated, "No, we won't need to go to Billings. I think I can compile that right at Bismarck."

When the court inquired if the statement could be furnished in a couple of weeks the defendant said that it should not take that long. On March 24 the defendant filed a document designated as a financial statement. No copies of the defendant's income tax returns were ever presented to the court. The financial statement does not show his earnings or income. It does show that the defendant had cash on hand amounting to $3,800, 1000 bushels of oats, 250 bushels of wheat, and 275 bushels of barley. It also shows that the defendant had set up a trust fund of $12,000 for the maintenance and education of his youngest son and a similar fund of $8000 to be applied on payment of income tax that was then in litigation. An item of $19,500 salvage out of real property is unexplained. The statement does not show who is trustee of the funds mentioned therein, or what control thereover is retained by the defendant. It also states that income tax is to be paid on approximately $11,825, income for the year 1948.

On May 5, 1948 the court having heard nothing further from the defendant regarding his income or property, issued an order

ex parte which provided that the defendant pay to the plaintiff or her attorneys the following sums for support, attorneys fees, and costs and expenses:

"The sum of $419.24 to pay for hospital, doctor and medical expenses, payable within 10 days after the date of this Order;

"The sum of $200.00 for attorneys fees for plaintiff's attorneys fees and suit expenses;

"That defendant pay to the plaintiff, within 10 (days) said $200.00 and also within 10 days . . . pay to plaintiff for support money the sum of $75.00 and thereafter on the first of June and each succeeding month like wise pay to plaintiff the sum of $75.00, until the further Order of the Court."

A copy of this order was received by the defendant on or about May 8, 1948 at Billings, Montana. Upon application of plaintiff's attorney, the court, on June 3, 1948 issued an order returnable June 28, directing the defendant to show cause why he should not be held in contempt of court for his failure to comply with the order of May 5. On the return day of the order to show cause a motion to vacate it, made by the defendant, was denied and the matter continued till July 26, 1948. On the date last mentioned the defendant appeared in person and by attorney. Interrogatories were filed and the defendant also testified in person. The court found that the defendant was well able to pay the sums directed to be paid and that if he did not have the required funds at that time the condition was caused by the defendant's own act in divesting himself of funds for the purpose of avoiding payment. The court then adjudged the defendant guilty of contempt of court and ordered him committed to jail for ninety days.

The defendant and appellant attacks the validity of the order of May 5 upon the ground that it was issued ex parte and without notice to the defendant. The order is not vulnerable upon that ground. It was made after the court heard all the evidence submitted at the divorce hearing and the defendant had furnished a financial statement. The court was waiting for information regarding defendant's income taxes which he had agreed to produce within two weeks after the hearing. The court could have made a final disposition of the case, but instead chose to

make an order temporary in nature, and wait further for the defendant to furnish information regarding his income. One attempt to secure an order for support and suit money had been made prior to the hearing and abandoned. The marriage relation had not been dissolved. It was the duty of the defendant to support his wife out of his property or by his labor. Section 14-0703, Rev Code ND 1943. The matter was still pending before the court. During the pendency of a divorce action the court may in its discretion require either party to pay as alimony any money necessary for the support of the other or to prosecute or defend the action. Section 14-0523, Rev Code ND 1943. Swanson v. Swanson, 75 ND 332, 28 NW2d 73. The fact that the court instead of finally disposing of the case and ordering judgment, decided to wait and give the defendant an opportunity to furnish additional information, and in the meantime issue a temporary order on the basis of the evidence already before him, does not indicate an abuse of power on the part of the court. In fact it was a reasonable and proper step to take in the pending litigation. The order of May 5 was not void for want of power of the court to make it.

The defendant next challenges the order upon the ground that in part at least it exceeds the statutory authority of the court to make an award pendente lite. The statute under which the court acted is Section 14-0523, Rev Code ND 1943, which, by its terms, vests in the court discretionary power to require the payment of any money necessary for support or to prosecute or defend the action. The award of $200 for attorneys fees and suit money was clearly authorized by the statute. Likewise support in the amount of $75 per month. The award of $419.24 to pay hospital, doctor and medical expenses, falls in a different category. According to the testimony of the plaintiff she had borrowed from her sister and brother over $400 with which to pay these expenses. Thus this sum represents a debt the plaintiff incurred for hospital, doctor and medical expenses which the defendant should have paid and could have been compelled to pay as a part of his duty to support his wife. Can the payment of this obligation be enforced as temporary alimony under the provisions of Section 14-0523, Rev Code ND 1943, referred to

above? The expenses under consideration were incurred in November 1947. It is difficult to see how a debt incurred in payment of these expenditures can be considered as money necessary for the support of the plaintiff in May 1948. In State ex rel. Hagert v. Templeton, 18 ND 525, 123 NW 283, 25 LRA NS 234, it is pointed out that the authority of the court to deal with such matters rests upon the statute, otherwise it does not exist. It was held in that case that a statute similar to the one under consideration was intended to be exclusive and to embrace the entire subject matter of the allowance of alimony and suit money during the pendency of the action. Thus it appears that the trial court erred in including this debt in his order for temporary alimony.

The next question is, can defendant be held guilty of contempt of court for ignoring and failing to comply with an order that the court had general power to make, but which is in part invalid in the sense that one of its provisions is erroneous.

Under Section 27–1003, Rev Code ND 1943, the district court may punish, as for a civil contempt, a party to an action or proceeding for the non-payment of a sum of money ordered by the court to be paid in a case where by law execution cannot be awarded for the collection of such sum, or for any other disobedience of a lawful order of the court. Included in the punishment provided under Section 27–1004 is imprisonment in the county jail for not exceeding six months. This section also provides that if the misconduct consists of an omission to perform a duty which is yet in the power of the contemner to perform he shall be imprisoned only until he has performed it, and paid any fine imposed.

The failure of a party to obey an order that is void for want of authority in the court to issue it is not punishable as a contempt. Forman v. Healey, 11 ND 563, 93 NW 866; State ex rel. Register v. McGahey, 12 ND 535, 97 NW 865, 1 Ann Cas 650; 12 Am Jur, Contempt § 24; 17 CJS, Contempt § 14. The rule is otherwise in a case where the court has jurisdiction of the subject matter and the parties but has issued an erroneous order. In such a case it is the duty of the party to whom the order is directed to obey it as long as it remains in force and until it has

been set aside either by the court that made it or upon appeal. Glein v. Miller, 45 ND 1, 176 NW 113. In that case it is said,

"To hold that an order improvidently issued can be violated with impunity is to invite litigants to resort to the use of force sufficient to maintain their rights as they understand them to be. Such a policy should not be adopted in a system of law that prides itself upon having a remedy for every wrong."

See also Kelsch v. Dickson, 71 ND 430, 1 NW2d 347. In the case before us the court had jurisdiction of the parties and of the subject matter. It entered an order requiring the payment of three different amounts. The order was erroneous with respect to one of these amounts. It was entirely valid and proper with respect to the other two. The defendant did not challenge the order of May 5, until the return day of the order to show cause why he should not be held in contempt. He at no time attempted to comply with any part of the order. The error of the court in directing him to pay a sum for hospital, doctor and medical expenses did not relieve him of the duty to comply with respect to the sums that were properly provided for. Ex parte Tinsley, 37 Tex Crim 517, 40 SW 306, 66 Am St Rep 818; Ex parte Mabry, 122 Tex 54, 52 SW2d 73; Re Landau, 230 App Div 308, 243 NYS 732; Liquor Control Com. v. McGillis, 91 Utah 586, 65 P2d 1136.

The order of May 5, 1948 directs the defendant to pay the sums therein specified to the plaintiff or her attorneys. An order of the court pendente lite in a divorce action requiring suit moneys and attorneys fees allowed for the purposes of enabling a party to defend or prosecute the action to be paid directly to the attorney is void. Bailey v. Bailey, 22 ND 553, 134 NW 747; Doench v. Doench, 214 Ind 559, 16 NE2d 877, 118 ALR 1134 and note. In this case the order makes the sums awarded, payable to the plaintiff or her attorney in the alternative. In a similar case, Kowalsky v. Kowalsky, 145 Cal 394, 78 P 877, the Supreme Court of California held that while such a provision was an inaccurate expression it was not a sufficient irregularity to warrant the interference of the appellate court. In this case we determine that the alternative provision does not render the order void.

In answer to interrogatories the defendant gave as a reason for not paying the amounts set forth in the order of May 5th that he had not sufficient means to pay with. Inability to com- ply with an order is a defense in contempt proceedings based on a violation of the order. Karteus v. Karteus, 67 ND 297, 272 NW 185; Nicholson v. Nicholson, 53 ND 591, 207 NW 486; State v. Babcock, 64 ND 288, 251 NW 849. In this case the defendant freely admitted his default. The burden was therefore upon him to establish his defense and show his inability to comply with the order. Fjeld v. Fjeld, 201 Minn 512, 277 NW 203; Roach v. Oliver, 215 Iowa 800, 244 NW 899. For further general authorities see annotations in 22 ALR 1266; 31 ALR 652; 40 ALR 550; 76 ALR 396; 120 ALR 703. Where a defendant has voluntarily placed himself in a position where he is unable to conform to the order, he may not avail himself of his inability thus created to comply with the order as a defense against contempt proceedings. Karteus v. Karteus, 67 ND 297, 272 NW 185, supra; Ryerson v. Ryerson, 194 Minn 350, 260 NW 530; Fjeld v. Fjeld, 201 Minn 512, 277 NW 203, supra; Simmons v. Simmons, 67 SD 145, 290 NW 319; 12 Am Jur, Contempt § 72. Our review of the evidence presented at the contempt hearing including the interrogatories and answers thereto by the defendant leads us to the conclusion that the defendant was able to comply with the court's order and that he is still able to comply therewith to the extent necessary to purge himself of contempt under the judgment as hereinafter modified.

The judgment appealed from, after finding the defendant guilty of contempt of court, and committing him to jail for ninety days, provided that the defendant might purge himself of the contempt by making the payments provided by the order of May 5, 1948. We have determined that the court erroneously included in that order the sum of $419.24 for hospital, doctor and medical expenses. This sum the defendant should not be required to pay in order to purge himself. The judgment appealed from is modified to the extent that the defendant be not required to pay said sum in order to purge himself of this contempt. In all other respects the judgment is affirmed.

402

NUESSLE, Ch. J., and BURKE and CHRISTIANSON, JJ., and GRON-NA, District J., concur.

BURR, J., did not participate.