ANN LINN SCHWARTZ, PLAINTIFF-RESPONDENT, v.
BERNARD A. SCHWARTZ, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 18, 1954—Decided October 25, 1954.

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. J. Mortimer Rubenstein* argued the cause for appellant (*Messrs. Rubenstein & Kosoff*, attorneys).

*Mr. Jack Rinzler* argued the cause for respondent (*Messrs. Feder & Rinzler*, attorneys; *Mr. Joseph A. Feder*, of counsel).

The opinion of the court was delivered by

JAYNE, J. A. D.   Promptly following the institution of an action for divorce the plaintiff made application for the allowance to her of temporary alimony for the support of herself and the three children of the marriage.   Affidavits were submitted by the parties disclosing the occupation and earnings of the defendant, the financial situations of the

parties, and the monetary expenditures formerly disbursed for the maintenance of the family and of the home.

On February 19, 1954 an order was made directing, *pendente lite,* the defendant to defray the maintenance costs of the home and to pay to the plaintiff a total of $120 per week for her support and that of the children.

On April 23, 1954 the plaintiff made another application for an order to oblige, *inter alia,* the defendant additionally to pay the wages of a full-time domestic maid and to command him to pay "all outstanding credit bills which were incurred prior to the order *pendente lite."* The bills were those which seem to have been contracted by the plaintiff even before the institution of this action on credit accounts established by the defendant at Best & Co., Macy's, Saks Fifth Avenue, Bonwit Teller, Lord & Taylor, and at one meat market.

On June 1, 1954 it was ordered that the defendant "pay to the plaintiff for a part-time household worker not to exceed two days each week at the prevailing rates of such employment * * *" and "that the defendant pay all outstanding credit bills which were incurred prior to the date of the *pendente lite* order made in this cause * * *."

It is from those parts of the latter order that the defendant appeals. So often litigation thrives without substantial purpose where love has departed and animosity has arrived. The opinion of the trial judge from which this order resulted discloses that he was called upon to consider and determine some 19 requests.

The augmentation of the alimony to embrace the employment of a part-time household servant, which we are told will amount to an additional $16 a week, is not in view of the defendant's current earnings of sufficient significance, or so manifestly misconceived, as to induce us to disturb the discretionary action of the trial judge in that particular.

Assuredly *pendente lite* alimony orders may be revised and altered by the court from time to time as circumstances may require. *N. J. S.* 2A:34-23. The matter rests in the sound discretion of the court. *Poline v. Poline,*

136 *N. J. Eq.* 207 (*E. & A.* 1945). It is not doubted that such an order may be revised and altered because of inadvertence, mistake, change of conditions, and other reasons which equity and justice may be shown to require.

We do, however, doubt the wisdom of gratifying the commonly characteristic animosities of such litigants by encouraging successive applications where conditions have not changed and the subject matter was presented to and presumably considered by the court on the former application. Here, the expense of maid service was specifically disclosed to the court in the proofs submitted on the previous application. The conditions in that regard were not shown to have changed. 10 *New Jersey Practice, Vide* (*Herr, Marriage, Divorce and Separation*), § 388, *p.* 381.

We proceed to the consideration of the propriety of that part of the order under review which requires the defendant to pay all of the unpaid debts contracted by his wife prior to February 19, 1954.

We observe in the affidavit of the plaintiff that the debts due the merchants hereinbefore designated had been incurred by the plaintiff "before he (defendant) had cancelled the credit." We notice in the affidavit of the defendant the uncontradicted assertion that it was in May 1953 that he discontinued the credit accounts. The present action, as previously stated, was not instituted until January 1954.

Obviously the payment of those pre-existing debts for clothing and merchandise which the plaintiff at that time received has no relation whatever in favor of the plaintiff to the determination of her temporary needs during the pendency of this action. More reasonably could the husband ask the court in fixing the alimony to take into consideration his outstanding obligations contracted by his wife. Such was the request in *Smith v. Smith,* 33 *N. J. Eq.* 458, 461 (*Ch.* 1881). The pertinent section of the statute appertaining to alimony *pendente lite* confers jurisdiction upon the court to exact from the husband the reasonable requirements for his wife's continued support and maintenance from the commencement of the divorce action.

Moreover the order here impugned obliges the defendant to pay the bills without regard for his legal responsibility to those creditors or any of them. In effect the creditors are awarded a judgment *in personam* against this defendant in an action in which they are not parties and the defendant's liability to pay them is not *inter sese* in issue.

■ The liability of a husband to pay debts contracted by his wife is not unqualified and absolute. *Vide, McCreery & Co. v. Martin,* 84 *N. J. L.* 626 (*E. & A.* 1913); *Smedley v. Sweeten,* 11 *N. J. Super.* 39 (*App. Div.* 1950).

■ The presumption of the implied authority of the wife is not conclusive. It may be overcome by refutatory evidence. *Saks & Co. v. Barrett,* 109 *N. J. L.* 42 (*E. & A.* 1932); *Gimbel Bros., Inc. v. Barrett,* 109 *N. J. L.* 63 (*E. & A.* 1932). Notwithstanding the existence of the express or implied agency of the wife, certainly the husband can protect himself, for example, against creditors who have permitted the wife to exceed the specified limit of the credit account and against the creditors' unreasonable and exorbitant charges for the articles purchased by her on his credit, if such were to occur.

In *McCreery & Co. v. Martin, supra,* Chief Justice Gummere remarked:

"The husband may permit such extravangance on the part of his wife, if he sees fit; but having discharged the obligation which the law imposes upon him with relation to his wife's necessaries, he is entitled to regulate her expenditures, for which he is to become responsible, by his own discretion and judgment."

In the present case the defendant, in a summary proceeding confined to the determination of the amount of alimony to which his wife was entitled for the support of herself and the children pending the disposition of an action for divorce, was unqualifiedly ordered to pay, regardless of any defenses he might have thereto, the claims of creditors from whom his wife had made purchases before the institution of the action.

For purposes of illustration, let us hypothesize that a wife in contemplation of the prospective institution of an

action to dissolve the marriage maliciously made patently extravagant purchases for her own benefit on the credit of her husband aggregating thousands of dollars, could the liability of the husband to such creditors be in the pursuit of due process adjudicated in a summary proceeding on the application of the wife for temporary alimony in the divorce action that ensued? We have no doubt that the answer would be in the negative.

Let us think of another hypothetical postulate, although its factual setting is essentially distinguishable from that in the present case. Suppose the wife had paid the bills or personally obligated herself to pay them. Even so, is it not exceedingly dubious that the issue anent her equitable right to reimbursement from her husband would be cognizable by the court on an application for alimony *pendente lite* in an action for divorce? The Supreme Court of North Dakota has resolved that it would not be cognizable. *Hodous v. Hodous*, 76 *N. D.* 392, 36 *N. W. 2d* 554, 12 *A. L. R. 2d* 1051 (1949).

Our conclusions are that the part of the order directing the defendant to pay to the plaintiff the designated wages of a part-time domestic servant is affirmed; the part obliging the defendant to pay the outstanding bills is reversed.