**JOHNSON & MAXWELL, LTD., a professional corporation, Plaintiff and Appellant,**

**v.**

**Jackson W. LIND, Defendant and Appellee.**

**Civ. No. 9704.**

Supreme Court of North Dakota.

Feb. 14, 1980.

---

Johnson & Maxwell, Fargo, for plaintiff and appellant; argued by Mark B. Fjelde, Fargo.

Wegner, Fraase & Nordeng, Fargo, for defendant and appellee; no appearance.

ERICKSTAD, Chief Justice.

This is an appeal from an order of the Cass County District Court which dismissed the plaintiff's complaint on the grounds that the pleadings (1) were duplicitous, and (2) failed to state a claim upon which relief could be granted. We affirm.

The plaintiff, Johnson & Maxwell, Ltd., a professional corporation engaged in the practice of law, provided legal assistance to the wife of the defendant, Dr. Jackson W. Lind (Dr. Lind), in order that she could defend a divorce action instituted by her husband on October 4, 1978. Johnson & Maxwell represented Mrs. Lind in negotiations towards an amicable property settlement and separation agreement. However, the negotiations were unsuccessful, and Johnson & Maxwell, thereafter, represented Mrs. Lind in the divorce trial before the Cass County District Court on July 19, 1979. A judgment of divorce has not yet been entered in that case.

On September 13, 1979, Johnson & Maxwell commenced this action against Dr. Lind to recover the reasonable value of legal services furnished to Mrs. Lind to enable her to defend herself in the above-mentioned divorce action. The reasonable value of the legal services performed was

stated to be $6,283.32. Johnson & Maxwell's claim to relief is predicated upon the theory that, pursuant to Section 14–07–10 of the North Dakota Century Code, the legal services rendered to Mrs. Lind were "necessaries" and that therefore her husband was directly liable to Johnson & Maxwell for amounts so expended.

On September 17, 1979, Dr. Lind filed a motion for dismissal pursuant to Rule 12(b) of the North Dakota Rules of Civil Procedure. A hearing was held in district court on September 24, 1979, wherein the court heard arguments on the motion from both parties. Johnson & Maxwell also presented a memorandum of law in opposition to the motion for dismissal.

The district court issued an order for dismissal on October 1, 1979. The court stated that Johnson & Maxwell's complaint was dismissed on the following grounds:

"1. That the pleadings are duplicitous in that the same issue is before the Court in the matter of *Jackson W. Lind vs. Elaine Lind.*

"2. That the pleadings fail to state a claim upon which relief can be granted."

Johnson & Maxwell appeals to this court from that order.

■ Upon a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(5) of the North Dakota Rules of Civil Procedure, we recognize that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *United Plainsmen v. N. D. State Water Cons.*, 247 N.W.2d 457 (N.D. 1976). The court's inquiry is directed to whether or not the allegations constitute a statement of a claim under Rule 8(a), N.D.R.Civ.P., which sets forth the requirements for pleading a claim and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief."

■ The complaint is to be construed in the light most favorable to the plaintiff, *Newman v. Hjelle*, 133 N.W.2d 549 (N.D. 1965), and the allegations of the complaint are taken as true. *Park District City of Fargo v. City of Fargo*, 129 N.W.2d 828 (N.D.1964). The motion for dismissal of the complaint should be granted only if it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted. *Newman v. Hjelle, supra* at 555.

For purposes of ruling on this motion for dismissal made pursuant to Rule 12(b)(5), N.D.R.Civ.P., we accept as true and as a fact that the firm rendered legal services in the amount of $6,283.32 to Dr. Lind's wife so she could contest the pending divorce action instituted by her husband. The question then arises: Are legal services rendered a wife in order to defend and contest a pending divorce action "necessaries" within the meaning of Section 14–07–10 of the North Dakota Century Code?

Section 14–07–10, N.D.C.C., provides:

"14–07–10. *Husband liable for wife's necessaries.*—If the husband neglects to make adequate provision for the support of his wife, any other person in good faith may supply her with articles necessary for her support and may recover the reasonable value thereof from the husband, except in the cases where by law he is not liable for her support."

In *Johnson v. Davis*, 140 N.W.2d 703 (N.D.1966), this court held that Section 14–07–10, N.D.C.C., does not give to the wife a cause of action against her husband for attorney's fees incurred by her in the successful defense of an annulment suit. *Id.* at 709. The question of whether or not one who performs legal services for the wife may recover in his own right against the husband was left unanswered because this court was not faced with that issue in *Johnson v. Davis, supra.* We believe that one who performs legal services for a wife during any time in which an action for divorce is pending or a family court has jurisdiction, in order that the wife may defend the divorce suit, must seek to recover the value of such legal services rendered under Section 14–05–23, N.D.C.C.

■ Section 14–05–23 of the North Dakota Century Code provides:

"14–05–23. *Temporary support, restraining orders, attorney fees, and custody.*—During any time in which an action for divorce is pending or a family court has jurisdiction, the court, upon application of a party, may issue, ex parte, an order requiring a party to pay such support as may be necessary for the support of a party and any minor children of the parties and attorney fees and awarding custody of any minor children to any party. Such orders may be issued and served in accordance with such rules as are promulgated and filed with the clerks of the district courts within the judicial district from time to time by the district judges of the judicial district. The party to whom the order is directed shall have the right, upon motion, to have a hearing upon the necessity for the issuance of such an order or the amounts to be paid, and unless such a motion is served and filed in the office of the clerk of the district court within five days after service of an order issued under the provisions of this section, the order shall be final and non-appealable pending a final determination of the issues raised by the pleadings or until further order of the court."

This court has said that Section 14–05–23, N.D.C.C., (formerly Section 14–0523, R.C. 1943, and Section 4071, R.C.1905), was intended to be exclusive and to embrace the entire subject matter of the allowance of alimony, attorney's fees, and suit money pendente lite. *Hodous v. Hodous*, 76 N.D. 392, 36 N.W.2d 554, 12 A.L.R.2d 1051 (1949); *State ex rel. Hagert v. Templeton*, 18 N.D. 525, 123 N.W. 283 (1909). Section 14–05–23, N.D.C.C., relates to the ability of a person to prosecute or defend a divorce action at the time the action is commenced. *See Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966). If it is determined that one of the parties to a divorce action has insufficient funds to defend against the suit at the time of its commencement, then the proper course of action is to make application for an order pursuant to Section 14–05–23, N.D.C.C., directing the opposing party to pay such attorney's fees. Further, the order will not be void if it directs the husband to pay such attorney's fees specified therein to the wife or her attorney in the alternative. *Hodous v. Hodous, supra,* 76 N.D. at 400, 36 N.W.2d at 559.

Section 14–05–23, N.D.C.C., is intended to be the *exclusive* statutory authority for the awarding of attorney's fees during the pendency of a divorce action or at any time a family court has jurisdiction. *See Hodous v. Hodous, supra,* 76 N.D. at 399, 36 N.W.2d at 558; *See also Crown Cork & Seal Co. v. Barnes,* 153 N.W.2d 89 (N.D. 1967). Whether or not attorney's fees will be awarded pursuant to this section is within the discretion of the trial court. *Nastrom v. Nastrom,* 284 N.W.2d 576 (N.D. 1979).

We were informed at oral arguments that allowance was made for attorney's fees in the original divorce action out of which this case arose. To also allow the recovery of fees in divorce actions under Section 14–07–10, N.D.C.C., would encourage undue litigiousness. In conjunction with divorce proceedings and the recovery of attorney's fees, Section 14–05–23, N.D.C.C., is the proper statute under which to proceed.

For the reasons stated herein, we believe that Johnson & Maxwell's theory of recovery is without merit, and, accordingly, the order of the district court which dismissed Johnson & Maxwell's complaint is affirmed.

SAND, VANDE WALLE, PEDERSON and PAULSON, JJ., concur.