Vickie DeVORE, Plaintiff and Appellee,

v.

Warren DeVORE, Defendant and Appellant.

Civ. No. 11166.

Supreme Court of North Dakota.

Sept. 30, 1986.

Sherry Mills Moore, of Stenehjem, Foss & Moore, Bismarck, for plaintiff and appellee.

Richard B. Baer, of Baer & Asbridge, Bismarck, for defendant and appellant.

VANDE WALLE, Justice.

Warren DeVore appealed from a divorce judgment of the district court of Burleigh County and from an order finding him in contempt of court. We affirm.

On appeal Warren challenges the trial court's property division and award of spousal support asserting that the trial court erred in determining the parties' financial worth and in determining that Warren had adequate cash flow to make specified payments to Vickie.

A trial court's determinations on matters of spousal support and property division are treated as findings of fact and will not be set aside on appeal unless clearly erroneous. E.g., *Routledge v. Routledge*, 377 N.W.2d 542 (N.D.1985). A finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Routledge v. Routledge, supra.* After a careful review of the record we are not left with a definite and firm conviction that the trial court made a mistake in dividing the property and awarding spousal support. We conclude, therefore, that the trial court's determinations are not clearly erroneous.

Warren also contends that the trial court did not have the authority to enforce its judgment for the division of property through civil contempt proceedings. He relies on *Dvorak v. Dvorak*, 329 N.W.2d 868 (N.D.1983), and *Seablom v. Seablom*, 348 N.W.2d 920 (N.D.1984). In *Seablom v. Seablom, supra*, 348 N.W.2d at 925, we concluded:

" ... under our current statutes civil contempt is an improper remedy for the enforcement of a distribution of property."

In 1985 the Legislature enacted Section 14–05–25.1, N.D.C.C.:

"Failure to comply with the provisions of a divorce decree relating to distribution of the property of the parties may be punished as civil contempt. A party may also execute on a money judgment, and the obligor is entitled only to the absolute exemptions from process set forth in section 28–22–02."

The language of this statute permits civil contempt to be used to enforce property divisions in a divorce judgment. See February 19, 1985, Minutes of Judiciary Committee of Senate regarding House Bill 1486. Therefore, we conclude that the trial court had the authority to enforce the divi-

sion of property through civil contempt proceedings.

Warren contends that he could not be found in civil contempt of court because he did not have the ability to pay amounts due under the divorce judgment. The inability to comply with an order is a defense to contempt proceedings based on a violation of that order. *Hodous v. Hodous*, 76 N.D. 392, 36 N.W.2d 554 (1949). In the instant case, the trial court found that Warren did have the ability to make such payments, and we conclude that the court's finding is not clearly erroneous.

Warren also contends that Section 14–05–25.1, N.D.C.C., violates Article I, Section 15 of the State Constitution prohibiting imprisonment for debt. However, Warren did not raise the constitutionality of the statute before the trial court. We have said many times that issues not raised before the trial court may not be raised for the first time on appeal. E.g., *B.R.T. v. Executive Director of the Social Service Board of North Dakota*, 391 N.W.2d 594 (N.D.1986). We therefore will not consider this issue.

The divorce judgment and the order finding Warren in contempt of court are affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.