Filed 7/29/99 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1999 ND 146

Jan M. Flattum-Riemers, Plaintiff and Appellee

v.

Roland C. Flattum-Riemers, Defendant and Appellant

No. 990054

Appeal from the District Court of McLean County, South Central Judicial District, the Honorable James M. Vukelic, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Jan M. Flattum-Riemers, no appearance.

Roland C. Flattum-Riemers, pro se.

Patricia E. Garrity, 210 First Avenue NW, P.O. Box 100, Mandan, ND 58554, submitted brief of amicus curiae.

Melvin L. Webster, 418 East Rosser Avenue, Suite 115, P.O. Box 1338, Bismarck, ND 58502-1338, submitted brief of amicus curiae.

Flattum-Riemers v. Flattum-Riemers

No. 990054

VandeWalle, Chief Justice.

[¶1] Roland C. Flattum-Riemers appealed from an order of the district court finding him in contempt for failing to pay guardian ad litem fees.  We affirm.  

I

[¶2] Jan M. Flattum-Riemers filed for divorce from Roland Flattum-Riemers in May 1997.  Roland requested the appointment of a guardian ad litem to represent the interests of the parties’ children.  The district court appointed Patricia E. Garrity to serve as guardian ad litem.  Garrity filed a report recommending the court award custody of the children to Jan.  Following objection to her continued service, in July 1998, Garrity filed a motion regarding continued guardian ad litem services seeking the court’s advice as to her continued service.  The district court issued an order discharging Garrity, and appointing Melvin L. Webster to serve in her place.  Webster prepared a report evaluating the best interests of the children and recommended custody to be awarded to Jan.  

[¶3] The parties entered into a property settlement and child custody agreement and a judgment incorporating the settlement and agreement was entered August 26, 1998.  The divorce judgment ordered “costs of the Guardian ad Litem, both those attributable to Attorney Melvin Webster and Attorney Patricia Garrity, shall be divided equally between the parties.  Pursuant to the Order of the Court, the same shall be paid on or before September 1, 1998.”  No appeal was taken from the judgment.  

[¶4] In late September and early October 1998, Garrity and Webster initiated contempt proceedings against Roland.  The district court issued orders to show cause why Roland should not be held in contempt for failing to pay the guardian ad litem fees.  Roland did not appear at the scheduled hearing at the Burleigh County Courthouse on October 29, 1998, and the district court ordered a bench warrant be issued for his arrest.  The district court further ordered Roland could secure his release by posting a $2,027 cash bond.  A second hearing was held December 14, 1998 at the McLean County Courthouse.  Following the hearing, the district court found Roland in contempt for failing to obey the court’s August 26, 1998 order to pay one-half the guardian ad litem fees.  In reaching this conclusion, the district court made the following findings of fact:

. The Court finds that Defendant did have and does have the financial ability to pay the fees of the guardians ad litem.

2.   Defendant Roland C. Flattum-Riemers is in contempt of court for his failure to obey the Court’s prior order to pay the fees of the guardians ad litem.

3.   The guardians ad litem are entitled to the fees which they have submitted to Defendant.  Melvin L. Webster is entitled to be paid his regular hourly rate of $85 per hour for his services as guardian ad litem, including his travel time.

The district court ordered Roland post an additional $500 cash bond to be divided equally between Garrity and Webster “for their time in regard to the order to show cause” and ordered the $2,027 bond previously posted by him be used to pay the guardian ad litem fees. 

[¶5] Section 27-10-01.3(3), N.D.C.C., allows an appeal to be taken from any order or judgment finding a person guilty of contempt.  
Millang v. Hahn
, 1998 ND 152, ¶ 7, 582 N.W.2d 665.  In a civil contempt proceeding, a complainant must clearly and satisfactorily show that the alleged contempt has been committed.  
Spilovoy v. Spilovoy
, 488 N.W.2d 873, 875 (N.D. 1992).  Civil contempt requires a willful and inexcusable intent to violate a court order.  
Id.
  (citing 
Anchor Estates, Inc. v. State
, 466 N.W.2d 111 (N.D. 1991), 
cert. denied
, 500 U.S. 943 (1991)).  When reviewing a contempt sentence, the ultimate determination of whether or not a contempt has been committed is within the trial court’s sound discretion.  
Millang
, at ¶ 7.  A trial court’s finding of contempt will not be overturned unless there is a clear abuse of discretion.  
Id.
  An abuse of discretion occurs when the trial court acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law.  
Id.

II

[¶6] Roland argues the district court abused its discretion by finding him in contempt of court because it was financially impossible for him to pay the guardian ad litem fees.  He further asserts the trial court’s decision was improperly based on his gross business income, rather than his taxable yearly income. 

[¶7] This Court has held “[t]he inability to comply with an order is a defense to contempt proceedings based on a violation of that order.”  
See, e.g.,
  
DeVore v. DeVore
, 393 N.W.2d 739, 741 (N.D. 1986); 
Hodous v. Hodous
, 36 N.W.2d 554, 559  (N.D. 1949).  However, the burden rests with Roland to establish his defense and show his inability to comply with the August 26 divorce judgment.  
See
 
Hodous
, 36 N.W.2d at 559-60.  

[¶8] The facts in evidence fail to support Roland’s contentions.  The record reveals Roland testified he could, in fact, pay the guardian ad litem fees.  Furthermore, Roland failed to present any evidence it was financially impossible for him to pay the fees or that the trial court’s decision was improperly based upon his gross business income.

Q. Have you paid the 691 dollars and 99 cents that Ms. Garrity alleges is owing her?

A. No, Your Honor.

Q. Are you able to pay it?

A. Right now, the money is posted as bond with the Court, Your Honor.

Q. I guess my question wasn’t clear.  Do you have the financial ability to pay the 691 dollars and 99 cents?

A. Are you talking at the present time?

Q. Yes.

A. Yes, I do.  

. . . . 

Q. Are you currently financially able to pay the 1,336 dollars to Mr. Webster?

A. Yes, Your Honor.  Both bonds, again, are being held by the Court as part of my bond. 

 III

[¶9] Roland argues the district court abused its discretion when it ordered him to pay the guardian ad litem fees because the trial court failed to review the bills of both guardians ad litem before ordering him to pay.  In addition, he asserts the district court improperly ordered him to pay Webster his regular hourly rate of $85 per hour for travel.  He further asserts Garrity was not entitled to payment for her services because among other things, Garrity promised she would give Jan custody of the children.   

[¶10] These arguments challenge the validity of the divorce judgment entered August 26, 1998.  We refuse to consider the merits of those challenges on an appeal from the contempt of court citation when no appeal was taken from the divorce judgment.

[¶11] Where a court has issued an order, even if erroneous, the party to whom the order was issued must obey it as long as it remains in force or until it is reversed, modified or set aside on appeal, and the failure to obey such an order is punishable as contempt of court.  
Hodous
, 36 N.W.2d at 559;  
see also
  17 Am. Jur. 2d § 147 (stating “[a]n alleged contemnor who feels that an order is erroneous has an adequate remedy to have it reviewed by way of appeal, and absent a stay, is required to comply promptly with the order pending appeal.”).  In 
Hodous
, 36 N.W.2d at 559,  the trial court ordered the defendant pay sums for support, suit money and attorney’s fees.  The order was erroneous with respect to one of the amounts, but valid to the other two.  
Id.
  As in the present case, the defendant failed to challenge the order until he was ordered to show cause why he should not be held in contempt.  
Id.
  We concluded the defendant could be held guilty of contempt for ignoring and failing to comply with the order even though a portion of it was invalid.  
Id.
  (stating a party to whom an order is directed must obey the order as long as it remains in force and until the order has been set aside by the court that made it or upon appeal).

[¶12] The divorce judgment in the present case was entered on August 26, 1998.  Accordingly, the time in which an appeal could have been taken expired 60 days following that date.  
See
 Rule 4(a), N.D.R.App.P. (“In a civil case the notice of appeal . . . must be filed with the clerk of the trial court within 60 days of service of notice of entry of the judgment or order appealed from.”).  Webster’s fees were submitted subsequent to the entry of judgment but before the time for appeal expired.  Yet, no steps were taken by Roland to vacate or modify the August 26, 1998 divorce judgment.  Instead, his arguments concerning payment of the guardian ad litem fees were first raised in response to the district court’s orders to show cause why he should not be held in contempt.  

[¶13] Furthermore, in so far as Garrity’s guardian ad litem fees are concerned, we believe Roland misled the court by entering into the property settlement and child custody agreement stating he would pay one-half the fees because Garrity’s guardian ad litem report was filed with the district court and the bills for her work were submitted to Roland prior to the settlement and agreement. 

IV

[¶14] Roland contends the trial court abused its discretion when it ordered he post a $500 bond to be divided evenly between Garrity and Webster.  We, however, conclude the bond was a proper remedial sanction intended to compensate the guardians ad litem for the losses they incurred as a result of Roland’s failure to comply with the divorce judgment.

[¶15] Section 27-10-01.2, N.D.C.C., provides “[a] court of record of this state may impose a remedial or punitive sanction for contempt of court under this chapter.”  A sanction is remedial if it is imposed to compensate a party or complainant, rather than the court, for a loss suffered as a result of the contempt.  
Millang
, at ¶ 12.  Under section 27-10-01.4(1)(a), N.D.C.C., a trial court may require the payment of money to compensate a party for a loss or injury suffered as a result of a contempt, including reimbursement of costs and expenses.  
Krizan v. Krizan
, 1998 ND 186, ¶ 16, 585 N.W.2d 576;  
Johnson v. Johnson
, 527 N.W.2d 663, 666-67 (N.D. 1995).

[¶16] The district court’s contempt order explains the $500 bond was given to Garrity and Webster “for their time in regard to the order to show cause.”  Roland failed to comply with the district court’s order to pay one-half of the guardian ad litem fees.  Due to his noncompliance with the district court’s order, Garrity and Webster were forced to initiate contempt proceedings and also attend two hearings to secure payment for their services.  Thus, the bond was intended to reimburse Garrity and Webster for their costs and expenses associated with the contempt process and was not an abuse of the district court’s discretion.   

[¶17] For the reasons stated, we affirm the district court’s contempt order.

[¶18] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner