[File No. 6793]

PETER J. KELSCH, Jr., Appellant, v. HON. R. M. DICKSON, Justice of the Peace in and for Stark County, North Dakota, Respondent.

(1 NW(2d) 347)

Opinion filed November 22, 1941.   Rehearing denied December 30, 1941

*Murray & Murray,* for appellant.
*Simpson, Mackoff & Kellogg,* for respondent.

Burr, Ch. J.   This is an appeal from an order of the district court denying a writ of mandamus.

A controversy arose between the petitioner and Robert Wiederien

and wife relative to possession of a farm in Stark county. Petitioner commenced an action in the court of the respondent to recover possession of the real estate. According to the petition, the justice, on March 27, 1941, adjudged Wiederien and wife had no right, title, or interest in the real estate involved, and that petitioner was entitled to the immediate possession thereof. Judgment was entered, and Wiederien and wife appealed to the district court, furnishing a bond for costs.

No stay bond being furnished on this appeal, petitioner applied to the justice for an execution upon the judgment obtained. The justice refused to issue the execution on the ground he had been expressly directed by the judge of the district court, who heard this application for mandamus, not to issue an execution until the petitioner herein had paid the Wiederiens the sum of $135.

This order of the district court, in part, provides: "Now, therefore, it is hereby ordered That, if said Peter J. Kelsch shall pay to John Robert Wiederien on or before March 1st, 1941 the sum of $1.50 per acre for the ninety acres so plowed and/or summer fallowed by the said John Robert Wiederien, the said Peter J. Kelsch may then commence proceedings in the proper court for the possession of said premises. This order does not constitute a finding of the ultimate rights of either party to the possession of the said land, but such are to be determined by proceedings to be instituted. But that the said condition precedent of the payment of the money is to be made by the said Peter J. Kelsch to said John Robert Wiederien before any proceedings may be commenced for the possession of said premises or for the issuance of any execution in any judgment that may be rendered for the possession of the said premises.

"This order is nunc pro tunc and shall be effective as of the .17th day of December, 1940, when the said order was orally made and announced in open court.

"Dated this 10th day of February, A. D. 1941."

It appears from the record that on or about December 11, 1940, petitioner made application to the district court, under the moratorium laws of this state, for permission to commence proceedings for the recovery of this land, and thereupon the court caused notice to be issued to Wiederien, requiring him to show cause on December 17 why such

permission should not be granted. Wiederien and the petitioner appeared, and upon the hearing, the court, as "a condition precedent to permitting the plaintiff to institute proceedings for the possession of the aforedescribed premises," required petitioner to pay Wiederien $135 for plowing done by Wiederien that fall. Petitioner ignored this condition, and commenced the proceedings in the justice court to recover possession.

After the justice rendered his judgment, and while the Wiederien appeal was pending, petitioner again applied to the district court under the so-called moratorium law for leave to have execution issued on the judgment rendered in the justice court, for a modification of the previous order of the district court requiring him to pay Wiederien $135, and for an order requiring Wiedcrien to show cause before the district court, under the moratorium laws of the state, why such execution should not issue. The court set the matter for hearing on April 18, 1941.

Both parties appeared and presented testimony. The district court determined Wiedcrien should have the option of executing a farm contract in the nature of a lease to be approved by the court, or of executing a stay bond on his appeal from the judgment of the justice of the peace, and that upon his failure to do either, execution should issue. Thereupon Wiederien executed and delivered a lease, which was approved by the court.

The record shows that at the time the petitioner applied to the justice for the execution, the justice was threatened with prosecution for contempt of court in case he issued an execution in violation of the order of the district court.

On April 22, 1941, the petitioner, ignoring all of the proceedings in the district court, invoked by him under the moratorium acts, applied to that court for the writ of mandamus, which application the court denied, and petitioner thereupon appealed.

In his brief, appellant says, "The question presented here on this appeal is a question of law, namely, whether or not the District Court has either jurisdiction or legal power to make a blanket order restraining all Justices of the Peace of the Sixth Judicial District from issuing an execution on a judgment rendered in Justice Court without the

permission of said District Judge, namely, the Hon. Harvey J. Miller."

The appellant misconstrues the issues involved. Conceding, though not deciding, that the "blanket order" referred to is wholly void because the district court had no authority whatever to make such an order, that such order was not made in any proceeding pending before him and could not in any way affect this case, nevertheless, this does not settle the issue. The record shows conclusively petitioner twice invoked the jurisdiction of the district court, under the moratorium statute, and requested the court to act. He took no appeal from either decision the court made upon these applications. If the district court erred in such matters, the statute makes provision for prompt appeal and speedy determination. See § 7, chap. 165, Sess. Laws 1939, the statute in force at that time. Until reversed these determinations stand.

Petitioner faces two insuperable obstacles on this appeal. Where a district court has general jurisdiction of the subject matter presented to him, and also jurisdiction of the particular case—in this case, an application for an order rescinding a previous order against the issuance of an execution, and requesting an order requiring an execution—and determines to uphold his order forbidding the writ, such determination is binding upon the justice of the peace so that he would be liable for prosecution for contempt of court in case he violated it. The justice is not justified in substituting his judgment for the judgment of the appellate court—in this case the district court. Our government is a government by law, not by man. However wise a man may be, however sound his judgment, however accurate his knowledge and understanding; nevertheless, he is bound to subordinate these to the wisdom, judgment, knowledge, and understanding of the superior court, whose order is the law of the case, until modified, or until reversed by higher authority.

"Disobedience of unsuperseded order of court constitutes 'contempt of court,' even though order is erroneous, but not if court is without jurisdiction, since order is then a nullity." Campbell v. Gormley, 185 Ga 65, 194 SE 177. See also American Cigar Co. v. Berger, 221 Ill App 285; Carr v. District Ct. 147 Iowa 663, 672, 126 NW 791, 794, Ann Cas 1913D 378.

The error in such case, where the court has jurisdiction, "must be

questioned by direct proceedings to review the decree." Oddo v. Saibin, 106 NJ Eq 453, 454, 151 A 289.

As this court says in Glein v. Miller, 45 ND 1, 6, 176 NW 113, 115: "To hold that an order improvidently issued can be violated with impunity is to invite litigants to resort to the use of force sufficient to maintain their rights as they understand them to be. Such a policy should not be adopted in a system of law that prides itself upon having a remedy for every wrong."

In addition, however erroneous may be the decisions of the district court under the moratorium law, as petitioner alleges, such decisions are binding upon the petitioner unless reversed. When the petitioner invoked the jurisdiction of the district court in this specific case for the purpose of obtaining permission to commence the action in unlawful detainer, and particularly when he again invoked the jurisdiction of the court in order to obtain a right to evict the Wiederiens, he asked the district court to do what, under the provisions of chapter 165 of the Session Laws of 1939, it had jurisdiction to do.

Section 3 of this chapter provides that "when any judgment has been entered for . . . eviction or ejection of any tenant from the possession of real estate, the court having jurisdiction thereof shall, at the request of any party to the action, cause notice of hearing to be served upon the parties thereto, who have appeared therein, to show cause, if any they have, why a stay of execution should not be granted. . . ."

It must be noted that at the time of petitioner's second application under the moratorium law, the district court had jurisdiction of the action for eviction under the forcible entry and detainer statute because of the appeal from the decision of the justice of the peace.

This application for a writ of mandamus, while in its essence is an attempt to ignore the previous orders and determinations of the district court, and which would in effect reverse them, cannot be used as a substitute for appeal or for an application to the district court to reverse itself. These applications were more than mere courtesy to the district judge, because of his "blanket order." They were brought under the law of this state—the moratorium law. It will be noted these prior determinations still stood; and nowhere in his petition for the writ of

mandamus does the petitioner make any reference whatever to them, and nowhere seeks to have them reversed or modified.

The petitioner herein was one of the parties in the case pending in the district court upon appeal, was the party that made the request to the district court, was the party that caused the district court to issue is notice of hearing, and, therefore, the one who invoked the jurisdiction of the court, and who asked the court to determine that no stay of execution should be granted.

This is a direct proceeding against the justice of the peace alone. The Wiederiens are not made parties to this proceeding, though they are the parties defendant in the applications which petitioner made to the district court under the moratorium law.

The court heard the matter, and made its determination. It may have been erroneous, but it was not void; no matter how void the "blanket order" may have been. It cannot be said that the court had a right to review this order, and in fact did review it on the application for the writ of mandamus, for in the proceedings for mandamus, the Wiederiens are not a party. Even if the court were wrong in the previous hearings in refusing permission to issue an execution, he could not consider that matter on this application for mandamus, for it would have been necessary to have first brought the Wiederiens into the proceeding. They are the ones affected by the moratorium decision. Hence, the hearing on the application for the writ of mandamus would not justify the court in proceeding to consider whether his previous rulings were wrong. They were not in issue. These still standing, the court was justified in refusing to grant the writ of mandamus. The order and judgment appealed from are affirmed.

CHRISTIANSON, MORRIS, BURKE, and NUESSLE, JJ., concur.