LASELL, Appellant, v. YANKTON COUNTY et al.,
Respondents

(6 N. W.2d 439.)

(File No. 8484. Opinion filed November 28, 1942.)

M. C. Lasell, of Aberdeen, for Plaintiff-Appellant.

Frank Biegelmeier, of Yankton, for Defendant-Respondent.

ROBERTS, J. This is an action to determine adverse claims to realty. The case has been before this court on two former occasions. Lasell v. Yankton County et al., 66 S. D. 517, 286 N. W. 323, and Lasell v. Yankton County, 67 S. D. 507, 295 N. W. 283.

The trial court upon agreement of parties appointed Charles Steinbach, clerk of courts of Yankton County, as receiver to take charge of the property involved in the action and to collect rents. When Mr. Steinbach died, the court appointed his successor in office, Margaret Neilson, as receiver. She resigned as receiver and the court on January 13, 1939, appointed John E. Walsh as her successor. It appears that he was in charge of the property without objection until the filing of his account and report on or about January 2, 1941. After hearing, the court in orders made May 20, 1941, approved the account and report and denied the motion of the plaintiff demanding the removal of Walsh as receiver. From these orders, plaintiff appeals.

The selection and appointment or removal of a receiver is regarded as a matter of judicial discretion and

except for abuse thereof the decision of the court will not generally be disturbed on appeal. Simmons Hardware Co. v. Waibel et al., 1 S. D. 488, 47 N. W. 814, 11 L. R. A. 267, 36 Am. St. Rep. 755; 4 Pomeroy's Eq. Jur., 5th Ed. § 1331; High on Receivers, 4th Ed. §§ 7, 821. Appellant contends that Walsh was disqualified under the express provisions of SDC 37.2603 to act as receiver. This section provides that "No party or person interested in an action can be appointed receiver therein, without the written consent of the parties, filed with the clerk." Walsh by virtue of his office as State's Attorney of Yankton County represented the defendant in this litigation, but his term of office expired before he was appointed receiver. A receiver is an officer of the court and as between the parties should administer the trust impartially and guard equally the rights of all concerned. Ward et al., v. Foulkrod et al., 3 Cir., 264 F. 627; Barry v. Murray et al., 131 Wash. 670, 231 P. 10. The statute recognizing that a personal interest might influence a receiver in the administration of his trust intends that unless the parties consent a person whose personal interest would conflict with his duties as receiver should not be appointed. Conceding that the relationship of attorney and client would have constituted a disqualification, we cannot construe the statute as meaning that the disqualification continued after the relationship terminated. Cook v. Martin, 75 Ark. 40, 87 S. W. 625, 1024, 5 Ann. Cas. 204. We do not infer that a court having under consideration an appointment may not consider with other circumstances the fact that there was at one time such relationship.

■■ Appellant contends that no allowances for fees to the receiver and his counsel should have been made. The receiver presented his report together with application that compensation be allowed and the court appointed a day for hearing. The report after hearing was approved and the court fixed the compensation of the receiver at $125 and that of counsel at a like amount. It is claimed that the receiver did not in his report account for certain hay on the premises at the time of his appointment and for corn grown thereon

in the year 1940. It appears from the affidavits submitted by the receiver that the hay was destroyed by flood waters and that proceeds from the sale of the corn were paid to him after the filing of his account and report. There is nothing in the record to show bad faith or a want of integrity. It is also claimed that the allowance was made in violation of an understanding that no compensation would be paid. A similar objection was overruled in Proctor & Gamble Distributing Company, Inc., v. Valet Dry Cleaners & Launderers et al., 171 Minn. 113, 213 N. W. 550, 551. The reason for the refusal in that case to interfere with the discretion of the trial court was that the allowance was explainable on the assumption that "More may have been required of the receiver or more accomplished than was anticipated." If there was such understanding as the appellant contends when the clerk of courts was appointed in 1936, the receivership may have extended beyond the time contemplated.

██ It is argued that the receiver employed as counsel one whose interest was hostile to that of the plaintiff because of dual employment. It may be admitted that the reasons which suffice to render the attorney for one of the parties to an action ineligible to be appointed a receiver is applicable to his appointment as counsel for a receiver. High on Receivers, § 188; see Tabour Realty Co. v. Gannon et al., 49 S. D. 268, 207 N. W. 94. The record does not show a dual employment. It does not appear that the attorney for the receiver represented defendant county during the time of his employment by the receiver or that he was a member of a law firm representing the defendant in this litigation as claimed by appellant.

It is not necessary to consider the motion to dismiss the appeal and other questions of procedure urged by respondent.

The orders appealed from are affirmed.

RUDOLPH, P. J., and WARREN and SMITH, JJ., concur.

POLLEY, J., not sitting.