**Richard Allen DAHLEN, Plaintiff and Appellant,**

v.

**Rosella Ann DAHLEN (Young), Defendant and Appellee.**

Civ. No. 11,155.

Supreme Court of North Dakota.

Sept. 30, 1986.

Henry H. Howe, of Howe & Seaworth, Grand Forks, for plaintiff and appellant.

Gordon Caldis, of Caldis, Arneson & Tingum, Ltd., Grand Forks, for defendant and appellee.

VANDE WALLE, Justice.

Richard Dahlen appealed from the order of the district court of Grand Forks County which found him in contempt of court. We vacate the order of the district court.

On August 24, 1982, a judgment was entered in the district court awarding custody of the parties' four children to Rosella Dahlen, subject to reasonable visitation by Richard. On August 14, 1985, Richard made an ex parte motion for a temporary change in custody. The district court granted Richard's motion and ordered that temporary custody of the children be awarded to Richard, pending a hearing on the motion. On November 15, 1985, the district court issued its order denying Richard's motion for a change in custody. The court further ordered Richard to return the children to Rosella on December 29, 1985. The court based its order on the fact that Richard had not shown a significant change in circumstances. Richard filed a notice of appeal of the court's order and applied for a stay of that order with the trial court. The trial court denied Richard's application. Richard then applied to this court for a stay, which we denied. Despite the trial court's order and the denials of stay pending his appeal, Richard refused to return the children to Rosella.

An order to show cause was served on Richard, requiring him to appear before the district court and show cause why he should not be found in contempt of court

for failing to return the children to Rosella and a hearing was held. At that hearing Richard's attorney relayed to the court Richard's intention to continue to disobey the district court's order to return the children. At the conclusion of the hearing Richard was found in contempt of court for failing to comply with the November 15, 1985, order. Richard filed a notice of appeal of the district court's contempt order.

Richard presents several issues on appeal. Due to our holding in the custody appeal in *Dahlen v. Dahlen*, 393 N.W.2d 765 (N.D.1986) [*Dahlen I*,] and our holding in this case, we need consider only the trial court's jurisdiction to issue the contempt order.

In *Dahlen I* we did not rule on the merits of the custody order of the district court; rather, we concluded that the trial court lacked jurisdiction to modify the custody provisions of the initial decree pursuant to the Parental Kidnapping Prevention Act (PKPA) [28 U.S.C. § 1738A]. Thus we held the order denying Richard's motion for a change in custody was void. In issuing its contempt order the district court was attempting to enforce its November 15, 1985, order. The disobedience of an order made without or in excess of jurisdiction is not punishable as contempt. In other words, it is not contempt to disobey a void order. *In re Kramer*, 75 N.W.2d 753 (N.D.1956); *Hodous v. Hodous*, 76 N.D. 392, 36 N.W.2d 554 (N.D.1949), and cases cited therein. See also *People v. Huntley*, 144 Ill.App.3d 64, 98 Ill.Dec. 172, 493 N.E.2d 1193 (1986); *Rosen v. Rosen*, 353 Pa.Super. 421, 510 A.2d 732 (1986); *Karras v. Gannon*, 345 N.W.2d 854 (S.D.1984); *State v. Coe*, 101 Wash.2d 364, 679 P.2d 353 (1984); *State Indus. Ins. System v. Sleeper*, 100 Nev. 267, 679 P.2d 1273 (1984). *But cf. Lang v. Basin Elec. Power Co-op.*, 274 N.W.2d 253 (N.D.1979) [court orders cannot be ignored with impunity].

Because the order finding Richard in contempt is predicated on a void order, we vacate the contempt order.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.