Anita **BJORGEN**, Plaintiff and Appellee,

v.

Robert W. **KINSEY** and Robert W. Kinsey, a professional corporation, Defendants and Appellants.

Civ. No. 910426.

Supreme Court of North Dakota.

Oct. 1, 1992.

Kent A. Reierson (argued), of Winkjer, McKennett, Stenehjem, Trotter & Reierson, Williston, for plaintiff and appellee.

Michael R. Hoffman (argued), Bismarck, for defendants and appellants.

LEVINE, Justice.

Robert W. Kinsey and Robert W. Kinsey, a professional corporation [defendants] appeal from an order denying their motion for reconsideration of the appointment of a receiver and from an order finding them in civil contempt of court. We affirm.

Anita Bjorgen obtained a judgment in excess of $500,000 against the defendants after a jury found the defendants liable for legal malpractice and deceit or collusion. We affirmed that judgment in *Bjorgen v. Kinsey*, 466 N.W.2d 553 (N.D.1991).

When Bjorgen's post-judgment collection efforts were unsuccessful, she moved for appointment of a receiver to aid in execution of the judgment, alleging that the defendants had refused to apply their property to satisfy the judgment. On December 5, 1990, the trial court denied her motion for appointment of a receiver, but ordered the defendants not to transfer "any funds in any accounts, other than funds transferred in or out of Defendants' ongoing business account at First National Bank in Crosby, North Dakota, in the normal course of day-to-day business."

Bjorgen's subsequent attempts to satisfy the judgment were also unsuccessful and she again moved for appointment of a receiver to aid in execution of the judgment. She contended that Kinsey had "refused to apply his property in satisfaction of the Judgment and is transferring property to avoid application of the property to the Judgment." The defendants obtained two continuances and then resisted Bjorgen's motion, contending that the alleged transfers had occurred before the December 5, 1990 order and that Bjorgen had not exhausted her legal remedies. On July 22, 1991, Bjorgen filed a supplemental affidavit, averring that during the continuances, Kinsey had withdrawn approximately $250,000 in cash from a Rochester, Minnesota bank and deposited the money in a safety deposit box in a Minneapolis bank; that Kinsey had never identified the Rochester bank account in his answers to discovery requests; and that on July 18, 1991, the IRS seized the money.

After notice and a hearing on July 23, 1991, the court appointed Richard Olson as receiver and granted him authority to locate all of Kinsey's bank accounts and to transfer any money to an account in Divide County. The defendants subsequently objected to the appointment of Olson as receiver because Olson had represented Bjorgen in Kinsey's 1990 bankruptcy.

On July 29, 1991, Olson filed an ex parte request to eliminate the restrictions on his powers as receiver to investigate and gather Kinsey's assets. Olson submitted the affidavit of James Lindquist, an IRS agent, which stated that Kinsey had recently transferred money in Minnesota and that he had attempted to secure a Minnesota driver's license under a different name. Olson requested modification of his powers as receiver "as soon as possible."

After an ex parte telephonic hearing on July 29, 1991, the court ordered Kinsey "not to take steps either personally, through an attorney or through any other person to obtain the approximately $250,-000.00 held by the IRS [without court approval] ... [or] interfere with the efforts of the Receiver to obtain the funds." The court eliminated the restrictions on Olson's power to investigate and gather the defendants' assets. The court also authorized Olson to make a claim for the money held by the IRS and to hire an attorney for that purpose. Bjorgen requested a transcript of the hearing for the defendants and she served them with notice of entry of the orders on August 8, 1991.

The defendants petitioned for a supervisory writ, requesting this court to vacate the trial court's July 23 and July 29 orders. We denied the petition. The defendants then asked the trial court to reconsider those orders. After a hearing on November 15, 1991, the court ratified the appointment of Olson as the receiver, finding that Olson's prior representation of Bjorgen in Kinsey's 1990 bankruptcy had terminated before Olson's appointment as a receiver and did not interfere with his ability to act as a receiver. The court denied the defendants' motion for reconsideration of its order appointing Olson as receiver and approved Olson's employment of a Minneapolis law firm to attempt to recover the $250,000 from the IRS.

While the defendants' motion for reconsideration was pending, Bjorgen moved for an order to show cause why Kinsey should not be held in civil contempt of court. Bjorgen submitted an affidavit, alleging that Kinsey had transferred money in various bank accounts in violation of the court's December 5, 1990 order and that Kinsey had interfered with the receiver's efforts to obtain the $250,000 held by the IRS in violation of the July 29, 1991 order. After a hearing on November 27, 1991, the court found Kinsey in civil contempt for having violated the December 5, 1990 order proscribing the transfer of funds and the July 29, 1991 order prohibiting the interference with the efforts of the receiver to obtain the funds held by the IRS. The court ordered Kinsey incarcerated until he purged himself of the contempt by cooperating with the receiver and disclaiming all interest in the seized funds. The defendants appealed from the civil contempt order and from the denial of their motion for reconsideration of the appointment of Olson as a receiver.

## APPOINTMENT OF RECEIVER

Chapter 28–25 is entitled "Proceedings Supplementary to the Execution." Section 28–25–12, N.D.C.C., provides for the appointment of a receiver in the same manner and with the same authority as contained in Section 32–10–01, N.D.C.C. Section 32–10–01(4), N.D.C.C., authorizes appointment of a receiver "[a]fter judgment ... in proceedings in aid of execution, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply his property in satisfaction of the judgment."

The decision to appoint a receiver rests in the discretion of the trial court. *Olson v. Brodell*, 128 N.W.2d 169 (N.D. 1964); *see* 30 Am.Jur.2d, *Executions*, § 851 (1967); 65 Am.Jur.2d, *Receivers*, § 19 (1972). We review a trial court's exercise of discretion under the abuse of discretion standard. *Wall v. Pennsylvania Life Insurance Co.*, 274 N.W.2d 208 (N.D.1979).

A trial court abuses its discretion when it acts in an arbitrary, capricious, or unreasonable manner. *Id.*

The defendants rely on *Minkler v. United States Sheep Co.*, 4 N.D. 507, 62 N.W. 594 (1895), for the proposition that a party must exhaust its legal remedies before it is entitled to the equitable relief of the appointment of a receiver. They argue that Bjorgen failed to show that she had exhausted her legal remedies and, therefore, she did not qualify for equitable relief.

In *Minkler*, this court reversed an order appointing a receiver in proceedings in aid of execution of a judgment because the judgment creditor had made no effort to execute on the judgment in the county of the judgment debtor's residence. The court observed that the appointment of a receiver is equitable in nature and that before a receiver can be appointed in proceedings in aid of execution of a judgment, the judgment creditor must exhaust legal "remedies." But, it further explained that while an unsatisfied execution in a county other than the debtor's residence is insufficient to show a bona fide effort by the creditor to exhaust "his remedy at law," the issuance and return of execution unsatisfied in the county of the debtor's residence is "the best evidence that the creditor has in good faith exhausted his remedy at law. . . ." *Id.*, 62 N.W. at 595. Consequently, a creditor must allege either that an execution has been returned unsatisfied from the county of the debtor's residence or must show exceptional circumstances which excuse that action.

Here, there were sheriffs' executions in Divide County, Kinsey's residence, which were returned unsatisfied. That fact satisfies the *Minkler* prerequisite of exhausting one's legal remedy, namely, obtaining an execution unsatisfied from the county of the debtor's residence. Moreover, this record indicates that Bjorgen has made other attempts to locate Kinsey's assets and to satisfy her judgment, but that Kinsey's evasive responses to discovery requests have undermined her attempts. The trial court refused to appoint a receiver on December 5, 1990; however, in support of her second motion for appointment of a receiver, Bjorgen presented evidence that Kinsey had been evasive about the existence and location of his assets and had recently diverted money through other bank accounts. There was evidence that during one of the two continuances on this motion, Kinsey transferred approximately $250,000 between Minnesota banks and attempted to obtain false identification in Minnesota. The evidence establishes a recalcitrant judgment debtor who has secreted and diverted assets to avoid execution. Under these circumstances, *Minkler* offers no support to the defendants. In fact, it supports the appointment of the receiver in aid of execution of the judgment. Consequently, we conclude that the trial court did not act arbitrarily, capriciously, or unreasonably and did not abuse its discretion in appointing the receiver in aid of execution of the judgment.

The defendants contend that Bjorgen failed to show assets amenable to receivership. However, there was evidence that the IRS seized approximately $250,000 from Kinsey and that Kinsey had diverted other funds through other bank accounts. The uncertainty over the existence and location of those funds is attributable to Kinsey's evasiveness in responding to discovery requests about his assets. The defendants cannot erect barriers to discovery and then complain when their opponent does not overcome them.

The defendants argue that the trial court erred in appointing Olson as receiver under Section 32–10–02, N.D.C.C.,[1] because Olson had represented Bjorgen in Kinsey's 1990 bankruptcy. The defendants admit that Olson "does not appear to have a direct interest in this action" but argue that Olson is not impartial. They also argue that Bjorgen did not come into court with clean hands because she did not initial-

---

1. Section 32–10–02, N.D.C.C., provides that "[n]o party or person interested in an action can be appointed receiver therein without the written consent of the opposing party filed with the clerk."

ly inform the court that Olson had represented her in Kinsey's bankruptcy.

■ It has been held, under a comparable statute to Section 32–10–02, N.D.C.C., that an attorney who had previously represented a party in the same action need not be disqualified from appointment as a receiver. *Lasell v. Yankton County,* 69 S.D. 66, 6 N.W.2d 439 (1942). In appointing a receiver, a trial court has discretion to appoint an attorney who has previously represented, but no longer does, one of the parties to an action [*Lasell v. Yankton County, supra*], even if the appointee had served as attorney for the judgment creditor. *Wax v. Monks,* 327 Mass. 1, 96 N.E.2d 704 (1951); *see* 65 Am.Jur.2d, *Receivers,* § 133 (1972).

An affidavit in support of Bjorgen's June 13, 1991 motion for appointment of a receiver indicates that Olson had represented Bjorgen in her attempt to convert Kinsey's 1990 bankruptcy from a reorganization to a liquidation. That affidavit demonstrates that the trial court was informed about Olson's earlier representation of Bjorgen. After the hearing on the defendants' motion for reconsideration, the trial court found that Olson had terminated his representation of Bjorgen before his appointment as receiver and that his former representation would have no effect on his actions as receiver. The court recognized that Olson's vast experience as a bankruptcy lawyer who had represented creditors would be valuable in this receivership. We also recognize, as the trial court did, that it was Kinsey's conduct that created the adversarial relationship between the receiver and the defendants, not any prior attorney-client relationship between Bjorgen and Olson. The trial court did not act arbitrarily, capriciously, or unreasonably in appointing Olson as the receiver and therefore did not abuse its discretion.

■ The defendants contend that the trial court erred in approving Olson's employ-ment of a Minneapolis law firm to represent the receiver in the receiver's action to recover the $250,000 from the IRS. The defendants argue that there was no written motion as required by Rule 8.1(b), NDROC,[2] and that Olson's employment of that law firm was a conflict of interest because a member of that firm had filed Bjorgen's judgment in Minnesota.

It is true that the Minneapolis law firm filed Bjorgen's judgment in Minnesota. But, it did not represent her in the receiver's action against the IRS. Instead, Bjorgen retained different counsel to represent her interests. The defendants' conflict of interest argument is, therefore, unconvincing.

Although Olson did not make a written motion to employ the Minneapolis law firm, as required by NDROC 8.1(b), the trial court's July 29 order plainly authorized Olson to hire an attorney to assist him in making a claim on the $250,000 held by the IRS. The court's order anticipated the receiver's potential need for immediate action to recover the IRS money. Kinsey raised the issue in his motion for reconsideration and, after argument by Kinsey, the court approved and ratified Olson's employment of the Minneapolis law firm. The receiver's action against the IRS has subsequently been dismissed, and the defendants have not shown prejudicial error requiring reversal. Rule 61, NDRCivP.

## CIVIL CONTEMPT

The defendants assert that the trial court erred in finding Kinsey guilty of civil contempt for interfering with the receiver in violation of the July 29, 1991 order. Relying on *In re Kramer,* 75 N.W.2d 753 (N.D. 1956), they contend that the July 29 order, which enjoined them from interfering with the receiver, was void because it was obtained ex parte without an opportunity for a hearing.

---

**2.** Rule 8.1(b), NDROC, provides:
   *"(b) Attorneys for Receivers.* Application. An attorney for the receiver may be employed only upon order of the court, upon written motion of the receiver stating the reasons for the requested employment and naming the attorney to be employed, who must not be interested in the action as attorney for any party without the written consent of the opposing parties filed with the clerk."

In *In re Kramer, supra,* this court did say, in dictum, that if a prior order is entered without an opportunity for a hearing, the later disobedience of that order does not constitute contempt. However, this court has held that the disobedience of an order issued ex parte may be punished as contempt. *Hodous v. Hodous,* 76 N.D. 392, 36 N.W.2d 554 (1949); *State v. Simpson,* 78 N.D. 360, 49 N.W.2d 777 (1951). Notwithstanding the dictum in *Kramer,* it is generally held that the prerequisites for finding a person in contempt of a prior court order are that the court had jurisdiction to issue that order [*Dahlen v. Dahlen,* 393 N.W.2d 769 (N.D.1986)], and the person had actual notice or knowledge of that order. *Svihla v. Svihla,* 126 N.W.2d 135 (N.D.1964); *Roe v. Operation Rescue,* 919 F.2d 857 (3rd Cir.1990); *Quinter v. Volkswagen of America,* 676 F.2d 969 (3rd Cir.1982); *Thompson v. Johnson,* 410 F.Supp. 633 (E.D.Penn.1976), aff'd 556 F.2d 568 (3rd Cir.1977); 17 Am.Jur.2d, *Contempt* §§ 130, 133 (1990); 17 C.J.S., *Contempt* § 18 (1963).

We are concerned here with a supplementary proceeding in aid of execution of a judgment. It seems clear that the trial court had subject matter jurisdiction of the action and personal jurisdiction over the defendants. *American State Bank of Dickinson v. Stoltz,* 345 N.W.2d 365 (N.D. 1984). The court's July 23, 1991 order appointing Olson as receiver was entered after notice and a hearing, but the July 29, 1991 order, enjoining Kinsey from interfering with the receiver, was issued ex parte. However, that order is not void because it was issued ex parte. *Hodous, supra; State v. Simpson, supra.* The transcript of the July 29 ex parte hearing indicates that Bjorgen attempted to locate counsel for the defendants before the hearing and that Bjorgen requested a transcript of the hearing for the defendants. On August 8, 1991, Bjorgen served notice of entry of the July 29, 1991 order on the defendants. The defendants thereafter requested a supervisory writ from this court to vacate that order. The defendants, therefore, had actual notice of the July 29, 1991 order enjoining them from interfering with the receiver and the prerequisites for finding them in contempt of that order were met. We conclude that the July 29 order was not void because the court had jurisdiction to issue that order and the defendants had actual notice of the order.

Moreover, after we denied the defendants' request for a supervisory writ, they moved to reconsider that order. The trial court confirmed that order after a hearing on November 15, 1991. At that hearing, the court indicated that Kinsey's motions in the receiver's action against the IRS to recover the $250,000 constituted interference with the receiver and warned Kinsey to withdraw those motions. A written order was filed on November 20, 1991, ordering Kinsey to withdraw those motions and stating that Kinsey's "failure to comply with [the] Order shall be punishable as contempt." Although the defendants argued that they did not have an opportunity to be heard on the July 29 order, the hearing on the defendants' motion for reconsideration of the July 29 order provided them with an opportunity to be heard on that order before they were held in contempt of that order.

The defendants also argue that there was insufficient evidence that Kinsey interfered with the receiver in violation of the July 29, 1991 order.

In a civil contempt proceeding, a complainant must clearly and satisfactorily show that the alleged contempt has been committed. *Spilovoy v. Spilovoy,* 488 N.W.2d 873 (N.D.1992). A trial court's determination that a civil contempt has been committed is within its discretion, and its determination will not be disturbed on appeal absent an abuse of discretion. *Id.*

In this case, there was evidence that, in the receiver's action in Minnesota to recover the $250,000 held by the IRS, Kinsey moved to dismiss the action and to remove the receiver. The court ordered Kinsey to withdraw those motions and he failed to comply with that order. The trial court did not abuse its discretion in finding Kinsey guilty of civil contempt of the court's July 29, 1991 order for continuing to interfere with the receiver.

The defendants also argue that the court erred in finding Kinsey guilty of civil contempt for transferring money in violation of the court's December 5, 1990 order. They assert that Bjorgen was required to prove that the money was "not exempt from execution" under Section 28–25–12, N.D.C.C.,[3] and that she did not carry that burden.

In a contempt proceeding, the complainant has the burden of showing that the defendant committed the contemptuous acts, and the defendant has the burden of showing that the contemptuous acts were legally justified. *Thorlakson v. Wells*, 207 N.W.2d 326 (N.D.1973). Section 28–22–07, N.D.C.C., provides that "[a]ll property claimed as exempt must be selected by the debtor, his agent, or attorney." That statute places the onus on the debtor to claim that property is exempt from execution. Under *Thorlakson*, the defendants were required to show that property was "exempt from execution" in order to establish legal justification.

In this case, Bjorgen presented evidence that Kinsey transferred money in violation of the court's December 5, 1990 order. The defendants, having offered no evidence that the transferred money was exempt from execution, did not carry their burden of showing legal justification. The trial court did not abuse its discretion in finding Kinsey guilty of civil contempt for transferring money in violation of the December 5, 1990 order.

The court ordered Kinsey to perform certain acts to purge himself of the contempt, including divulging information about the location and extent of his assets. The defendants argue that the conditions imposed by the court to purge the civil contempt were improper under Section 27–10–04(2), N.D.C.C.,[4] because there was no evidence that they had not performed those acts.

A trial court is vested with discretion in setting the conditions under which a contempt may be purged. *Busch v. Berg*, 52 App.Div.2d 1082, 384 N.Y.S.2d 301 (1976); 17 Am.Jur.2d, *Contempt*, § 230 (1990).

Kinsey's record of evasiveness about the existence and location of any assets to satisfy the judgment and his transfers of money in violation of the court order justify the conditions imposed by the court. The trial court did not abuse its discretion in imposing those conditions on Kinsey to purge himself of the contempt.

We affirm the trial court orders.

ERICKSTAD, C.J., MESCHKE and JOHNSON, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of VANDE WALLE, J., disqualified.

3. Section 28–25–12, N.D.C.C., provides:

"*Receiver appointed—Transfers enjoined.* The judge by order also may appoint a receiver of the property of the judgment debtor in the same manner and with like authority as if the appointment were made by the court according to section 32–10–01. Before the appointment of such receiver, the judge shall ascertain, if practicable, by oath of the party or otherwise, whether any other supplementary proceedings are pending against the judgment debtor and if such proceedings are so pending the plaintiff therein shall have notice to appear before him and likewise shall have notice of all subsequent proceedings in relation to such receivership. No more than one receiver of the property of a judgment debtor may be appointed. *The judge by order also may forbid a transfer or other disposition of the property of the judgment debtor not ex-*

*empt from execution and any interference therewith.*" [Emphasis added].

4. Section 27–10–04(2), N.D.C.C., provides:

"*Penalty for civil contempt—When party injured indemnified instead of fine being imposed.* Any person guilty of a civil contempt punishable by a court of record of this state may be punished by a fine of not more than two hundred fifty dollars over and above the costs and expenses of the proceedings therein, or by imprisonment in the county jail for a reasonable time, not exceeding six months, and until the fine, if any, is paid, or by both such fine and imprisonment. However, if:

\* \* \* \* \* \*

"2. The misconduct proved consists of an omission to perform an act or duty which it is yet in the power of such person to perform, he may be imprisoned only until he has performed it and paid any fine imposed."